WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christine Baker,<br><br>    Plaintiff,<br><br>v.<br><br>Midland Funding LLC, et al.,<br><br>    Defendants. | No. CV-13-08169-PCT-DGC<br><br>**ORDER** |

Defendants Midland Funding, LLC and Midland Credit Management, Inc. have filed a motion for judgment on the pleadings and Defendant Bursey & Associates P.C. has joined the motion. Doc. 23, 26. The motion has been fully briefed. Docs. 47, 52, 53. Plaintiff has also filed a motion for leave to amend her complaint and to join Equifax Information Services as a defendant. Doc. 27. That motion has also been fully briefed. Docs. 37, 38, 48. The Court will grant the motion for judgment on the pleadings and grant the motion to amend with respect to Plaintiff's FCRA claims.[1]

The briefs filed by all of the parties violate this Court's local rule on font size, including font size in footnotes. *See* LRCiv 7.1(b)(1). The parties shall comply with this local rule in all future filings.

**I.    Background.**

On June 11, 2012, Defendant Midland Funding LLC ("Midland") filed suit against Plaintiff Christine Baker in Justice Court in Kingman, Arizona for failure to pay an

---

[1] The request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

HSBC credit card. Plaintiff was served with the summons and complaint on June 19, 2012. The parties participated in court-ordered mediation on October 16, 2012. Baker defended the action by asserting that the claim was barred by the statute of limitations. On February 25, 2013, the Justice Court granted Baker's motion for summary judgment because the statute of limitations had run before Midland had filed its claim. Midland did not appeal the ruling.

On June 18, 2013, pro se Plaintiff filed her complaint in this case in the Justice Court in Kingman, alleging violations of the Fair Debt Collection Practices Act ("FDCPA") by Defendants Midland, Midland Credit Management, Inc., and Bursey & Associates, P.C. Plaintiff alleged misconduct during the litigation of the debt collection action, including filing of an action that Defendants knew or should have known was time-barred, as well as provision of false and misleading information to credit bureaus and the failure of debt collectors to send written information about the alleged debt. The case was removed to federal court on July 3, 2013.

**II. Motion for Judgment on the Pleadings.**

Defendants move for judgment on pleadings pursuant to Rule 12(c), alleging that Plaintiff's FDCPA claims were not brought within one year as required by 15 U.S.C. § 1692k (d). Defendants cite the recent decision in *Lyons v. Michael & Assocs.*, 2013 WL 4680179 (S.D. Cal. Aug. 28, 2013), for the premise that the statute of limitations begins to run on the date an offending lawsuit is filed. Doc. 23 at 4. Defendants argue that because Midland filed the underlying lawsuit on June 11, 2012, and Baker filed the complaint in this case on June 18, 2013, Baker's FDCPA claim is time-barred.

An FDCPA claim must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir.1997) (one-year statute of limitations for FDCPA claims began to run on the date an offending lawsuit was filed). The only exception to this rule under Ninth Circuit case law arises when a party is not properly served, in which case the relevant date is the date

the plaintiff discovered or could have discovered her cause of action. *See Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 940 (9th Cir. 2009). As the Eastern District of California has explained:

> *Naas* only applies to cases where there is no question that the defendant was properly named and served in the underlying collection action. In such cases, the statute of limitations should ordinarily begin to run upon the action's filing. But where the defendant does not receive proper notice in the course of litigation, then, per *Mangum,* the statute of limitations begins to run when the plaintiff "knows or has reason to know" of the FDCPA violation.

*Huy Thanh Vo v. Nelson & Kennard*, 931 F. Supp. 2d 1080, 1086 (E.D. Cal. 2013).

Plaintiff filed this complaint on June 18, 2013. Doc. 1-1. The underlying civil suit, brought by Midland Funding was filed on June 11, 2012. Although Plaintiff was not served with the summons and complaint until June 19, 2012, there is no allegation that Plaintiff was not properly served under the rules of civil procedure. Plaintiff's claim, therefore, accrued on June 11, 2012 and this case was not filed within one year.

Plaintiff argues that her complaint alleges various post-filing violations of the FDCPA in the manner in which Defendants handled the underlying litigation. Doc. 47 at 2-6. Many of these post-filing allegations are simply that Defendants pursued the lawsuit against Plaintiff despite her assertion that the lawsuit was without merit – an assertion that proved to be true when the Justice Court granted her motion for summary judgment. *Id*. Plaintiff also alleges misconduct by Bursey & Associates for failure to serve filings by email despite agreement to do so, and failure to respond to a dispositive motion. *Id*. at 5. Finally, Plaintiff alleges that Defendant filed a motion for summary judgment in the underlying lawsuit "knowing that the collection of the debt was NOT based on a written agreement and that the statute of limitations had expired." *Id*. Plaintiff's complaint alleges that these actions violate 15 U.S.C. §§ 1692e; 1692e(2A); 1692e(5); 1692e(10); 1692f(1).

The Court does not agree that these post-filing litigation actions by Defendants constitute separate violations of the FDCPA that extend the statute of limitations beyond

the date of filing of the underlying lawsuit. Under Ninth Circuit law, "[f]iling a complaint is the debt collector's last opportunity to comply with the Act." *Naas*, 130 F.3d at 893. If the act of filing was Defendants' last opportunity to comply, it would be inequitable to simultaneously hold Defendants responsible under the FDCPA for conduct after that filing. Defendants' motion for judgment on the pleadings is granted as to Plaintiffs' FDCPA claims.

**II. Motion for Leave to Amend.**

Plaintiff has filed a motion for leave to amend her complaint. Doc. 27. Plaintiff seeks to join Equifax Information Services ("Equifax") as a defendant, add allegations supporting her FDCPA claims regarding Defendants' behavior during the course of the underlying litigation, and add claims under the Fair Credit Reporting Act ("FCRA"). Specifically, Plaintiff seeks to add allegations that Defendants' counsel acted improperly in the course of the underlying litigation, disobeying the judge's mediation orders and failing to serve Plaintiff electronically when asked. Plaintiff also seeks to add allegations that Midland Credit Management, Inc. ("MCM") verified incorrect information with credit bureau Equifax after Plaintiff had disputed such information, that MCM continued to do so after the filing of this lawsuit, and that Equifax repeatedly reported incorrect information after Plaintiff had disputed its accuracy. Doc. 27-2 at 9-10. Plaintiff asserts that the actions of both Equifax and MCM violate the FCRA. *Id*. at ¶¶70-75.

In response, Defendants assert that joinder of Equifax and the addition of FCRA claims would prejudice them because it would cause substantial delay in the proceedings and increased costs. Doc. 37 at 4. They also assert that the proposed amendments impermissibly expand the scope of the litigation, and that they are futile and subject to dismissal.

**A. Legal standard.**

Under Ninth Circuit case law, joinder is liberally permitted. *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1997) ("[P]ermissive joinder is to be construed liberally in order to promote trial convenience and to expedite

the final determination of disputes, thereby preventing multiple lawsuits."); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) ("Under the rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."). "Rule 20(a) imposes two specific requisites for the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence; and (2) some question of law or fact common to all the parties will arise in the action." *League to Save Lake Tahoe*, 558 F.2d at 917; *see Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980).

Similarly, courts are instructed to liberally grant leave to amend. Rule 15 makes clear that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy in favor of leave to amend must not only be heeded, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), it must be applied with extreme liberality, *see Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 880 (9th Cir. 2001). This liberality "is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Generally, "this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

Additionally, in the Ninth Circuit, pro se litigants are entitled to notice of a complaint's deficiencies and an opportunity to amend prior to dismissal of the action unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *see also Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) ("We are very cautious in approving a district court's decision to deny pro se litigants leave to amend.") (citing *Lucas*, 66 F.3d at 248-49); *Waters v. Young*, 100 F.3d 1437, 1441 (9th Cir. 1996) ("As a general matter, this court has long sought to ensure that pro se litigants do not unwittingly fall victim to

1 procedural requirements that they may, with some assistance from the court, be able to
2 satisfy.").

3 Despite this strong presumption, amendments will not be allowed if doing so
4 would (1) cause prejudice to the opposing party; (2) the amendments are sought in bad
5 faith, (3) the proposed amendments are futile; or (4) amendment creates undue delay.
6 *Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir.
7 1999) (citing *Martinez v. Newport Beach City,* 125 F.3d 777, 785 (9th Cir.1997)).

8 **B.    Analysis.**
9     **1.    Bad faith.**

10 Defendants argue that "Plaintiff's implicit motive and timing of this delayed
11 Motion for Leave to amend . . . is to circumvent the law." Doc. 37 at 2. There is no basis
12 for this assertion.

13 Plaintiff filed her motion to amend before the 30-day deadline the Court set for
14 joining parties, amending pleadings, and filing supplemental pleadings. Doc. 22.
15 Plaintiff then filed a request for extension of time to respond to Defendants' motion for
16 judgment on the pleadings, which the Court granted. Docs. 30, 35. Plaintiff was ordered
17 to file her response on or before November 25, 2013, and she did. Doc. 47. The Court
18 does not find evidence of bad faith where Plaintiff has met all filing deadlines and
19 Defendants assert no other grounds for bad faith.

20     **2.    Undue delay and prejudice.**

21 Defendants claim that they will be prejudiced by amendment of Plaintiff's
22 complaint because the amendment will cause substantial delay and require the Court to
23 re-issue its case management order.

24 The Ninth Circuit has made clear that "'undue delay by itself is insufficient to
25 justify denying a motion to amend.'" *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d
26 708, 712-13 (9th Cir. 2001) (quoting *Bowles v. Reade*, 198 F.3d 757, 758 (9th Cir.
27 1999)); *see DCD Programs, Ltd.*, 833 F.2d at 187 (same). "'Only where prejudice is
28 shown or the movant acts in bad faith are courts protecting the judicial system or other

1 litigants when they deny leave to amend a pleading.'" *United States v. Webb*, 655 F.2d
2 977, 980 (9th Cir. 1981) (quoting *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir.
3 1973)); *see Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)
4 ("Prejudice is the 'touchstone of the inquiry under rule 15(a).'") (citation omitted).

5 Defendants assert that the added delay will increase costs, citing *Kaplan v. Rose*,
6 49 F.3d 1363, 1370 (9th Cir. 1994), for the premise that added expense contributes to a
7 finding of prejudice. But *Kaplan* concerned a situation in which parties had already
8 engaged in "voluminous and protracted discovery." *Id*. This is not the case here. Other
9 than Defendants' blanket and generally applicable statement that "as a case lengthens, the
10 costs and expenses necessarily increase" (Doc. 37 at 4), Defendants have made no
11 showing that litigation in this case has been so voluminous or protracted that Defendants
12 will be prejudiced.

13 Defendants also argue that the act of simply adding a party is an indicator of
14 prejudice. This misstates Ninth Circuit law. The threat of prejudice to which the Court
15 must be sensitive when a party is added to a case is prejudice to the *entering* party, not to
16 those already in the lawsuit. *DCD Programs, Ltd.*, 833 F.2d at 187. As the Court in
17 *DCD Programs* noted, "[a]mending a complaint to add a party poses an especially acute
18 threat of prejudice to the entering party. Ergo, this court has stated, "[a]voiding prejudice
19 to the party to be added thus becomes our major objective."" *Id*. Defendants have made
20 no showing that Equifax is prejudiced by its joinder to this suit.

21 **3. Expansion of the scope of litigation.**

22 Defendants next argue that the proposed amendment impermissibly expands the
23 scope of litigation and damages involved. Doc. 37 at 5-6. The Court disagrees.

24 The addition of new claims in an amended complaint is not, alone, cause to
25 prohibit amendment. *Id.* at 186 (liberality "is not dependent on whether the amendment
26 will add causes of action or parties"). Prejudice may arise when new theories require a
27 party to re-litigate issues or significantly alter the circumstances of the litigation. *Jackson*
28 *v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990).

Although Defendants argue that Plaintiff's FCRA claims are completely unrelated to her original claims and that Plaintiff now seeks significantly more damages, Plaintiff's FCRA claims arise from circumstances alleged in her original complaint. For example, at ¶ 31 Plaintiff alleged that "MCM reported and continues to report on alleged debt to credit bureau Equifax." Doc. 1-1. Additionally, Plaintiff sought punitive damages in her original complaint. Doc. 1-1 at 10.

### 4. Futility.

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988); *DCD Programs, Ltd.*, 833 F.2d at 186 (stating that "a motion to make an '[a]mendment is to be liberally granted where from the underlying facts or circumstances, the plaintiff may be able to state a claim'") (quoting *McCartin v. Norton*, 674 F.2d 1317, 1321 (9th Cir. 1982)). Because the Court has determined that the statute of limitations on Plaintiffs' FDCPA claims began to run at the time of filing the underlying suit and that those claims are therefore time-barred, any additional allegations to the FDCPA claims would be futile.

Plaintiff has also asserted claims under the FCRA. Defendants argue that these amendments are futile because Plaintiff improperly combines claims and allegations in violation of Rule 10(b), which requires that "separate causes of action or claims are supposed to be stated separately." Doc. 37 at 6. But Plaintiff's amended complaint complies with this requirement. Plaintiff clearly articulates her causes of action in the amended complaint, and lists those made under the FCRA at ¶¶70-75.

Defendants argue that the amended complaint "is rife with conclusory allegations, formulaic recitations of the elements of the proposed causes of action, and lengthy statements of vague and irrelevant facts," thus failing to meet federal pleading standards. Doc. 37 at 7. But Plaintiff's complaint cites specific provisions of the FCRA and her allegations are supported by facts in which she alleges false representations and deceptive

practices by MCM and Equifax.  Doc. 27-2 ¶¶44-52, 71-73.  Plaintiff identifies Equifax as an entity subject to suit under the FCRA and cites the specific provision of the FCRA that supports this, *id*. at ¶ 13, and she also identifies specific provisions of the FCRA that MCM and Equifax have violated, *id*. at ¶¶71-73.  Defendants have failed to articulate how these allegations are futile.

**IT IS ORDERED:**

1. Defendant's motion for judgment on the pleadings (Doc. 23) is **granted**.

2. Plaintiff's motion for leave to amend the complaint and motion for joinder of Equifax Information Services (Doc. 27) is **granted** with respect to Plaintiff's FCRA claims.  Plaintiff may file an amended complaint on or before **February 21, 2014.**

Dated this 30th day of January, 2014.

_____
David G. Campbell
United States District Judge