**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christine Baker,  Plaintiff,  v.  Midland Funding LLC, et al.,  Defendants. | No. CV-13-08169-PCT-DGC  **ORDER** |

Defendants Midland Funding LLC and Midland Credit Management, Inc. have filed a motion to dismiss Plaintiff Christine Baker's First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 71. The motion is fully briefed. For the reasons that follow, the Court will deny the motion.

**I.   Background.**

Plaintiff asserts that Defendants "provided false and misleading information to the credit bureaus" and "verified incorrect information with credit bureau Equifax after [she] disputed with Equifax directly." Doc. 70, ¶ 7. She alleges that Defendants reported several pieces of incorrect information, including incorrect balances, and that her accounts were "open" instead of "revolving." *Id.*, ¶ 8. She further alleges that Defendants "willfully and negligently failed to correct the information furnished to Equifax in violation of FCRA § 1681s-2(b)." *Id.*, ¶ 21.

**II.   Legal Standard.**

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light

most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). To avoid a Rule 12(b)(6) dismissal, the complaint must plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**III.   Analysis.**

Defendants argue that Plaintiff fails to state a claim because she does not allege that credit bureaus contacted them regarding Plaintiff's dispute. Doc. 71 at 6. Defendants cite *Roybal v. Equifax*, 405 F. Supp. 2d. 1177, 1180 (E.D. Cal. 2005), for the proposition that "if a Plaintiff fails to allege that he contacted the credit agencies and that the credit reporting agencies contacted the furnisher, the complaint is subject to a motion to dismiss the FCRA claim against the furnisher." *Id.* Defendants argue that Plaintiff has not specified what date she contacted the credit reporting agency, nor that any credit reporting agency contacted Defendants in response to her dispute. Doc. 71 at 6. They argue that Plaintiff "cannot show that [Defendants] failed to reasonably respond to a notice of dispute without demonstrating what the notice said about the dispute or when it was sent." *Id.* at 7.

Plaintiff responds that her complaint states several times that she disputed information with Equifax and that the disputed information was subsequently verified by Defendants. Doc. 81 at 2. In response to Defendants argument that Plaintiff has failed to allege any facts about the specific contents of communications between Equifax and

Defendants, Plaintiff notes that she "cannot show that [Defendants] failed to reasonably respond to a notice of dispute, demonstrate what the notice said about the dispute or when it was sent prior to conducting discovery." *Id.*

Plaintiff need not plead every detail of the transaction in order to state a claim. Her allegation that Defendants verified incorrect information to Equifax necessarily implies that Defendants were contacted by Equifax about the dispute. Defendants also argue that Plaintiff cannot show that they failed to reasonably respond to a notice of dispute, but Plaintiff's complaint does not make such an allegation. Rather, Plaintiff alleges that she notified Equifax that she disputed information reported by Defendants and, in response, Defendants verified incorrect information. These allegations are sufficient to state a claim under 15 U.S.C. § 1681s-2(b).

Defendants also argue that "Plaintiff's claims for statutory and punitive damages are unavailable" because she "has not alleged that [Defendants] intentionally violated a duty to conduct a reasonable investigation." Doc. 71 at 8 (emphasis original). The Court disagrees. Plaintiff has alleged that Defendants willfully verified incorrect information in violation of § 1681s-2(b). Punitive and statutory damages are available for willful failure to comply with requirements imposed by the FCRA. 15 U.S.C. § 1681n.

**IT IS ORDERED** that Defendants' motion to dismiss (Doc. 71) is **denied**.

Dated this 28th day of May, 2014.

_____
David G. Campbell
United States District Judge