IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christine Baker,<br><br>                Plaintiff,<br>vs.<br><br>Midland Funding LLC, et al.,<br><br>                Defendants. | No. CV-13-08169-PCT-SPL<br><br>**ORDER** |

Before the Court is the parties' Joint Motion for Discovery Dispute Resolution filed on September 12, 2019. (Doc. 216)[1] Plaintiff argues that Defendant Midland Funding LLC ("Defendant Midland") and Defendants Bursey & Associates, P.C., Barry Bursey, Jason LeRoy, Monica Derrick, and Gina Scalese (the "Bursey Defendants") (collectively "Defendants") violated this Court's Rule 16 Case Management Order (Doc. 110) when they scheduled Plaintiff's deposition for September 13, 2019. (Doc. 216 at 2) Additionally, Plaintiff argues that she should not be required to travel to Phoenix—over two hundred miles away from her home—to sit for the deposition. (Doc. 216 at 2-3) Furthermore, Plaintiff argues that Defendants impermissibly responded to her discovery requests and continue to refuse to provide information in compliance with Federal Rule of Civil Procedure ("Rule") 33. (Doc. 216 at 1-2)

---

[1] On October 2, 2019, Plaintiff again motioned the Court to resolve the same discovery issues. (Doc. 220 at 6-8) The Court denied the request and issued an order advising that the issues would be addressed in a separate order in due course. (Doc. 224)

In response, Defendants argue that Plaintiff was properly scheduled for her deposition prior to the discovery deadline, and after Plaintiff failed to appear for her original deposition, she agreed to extend the date for the deposition to September 13, 2019. (Docs. 216 at 2-3; 216-2 at 2) Additionally, Defendants assert that Phoenix is the most reasonable location because some of Defendants' counsel must travel for the deposition and there is no commercial airport near Plaintiff's home. (Doc. 216 at 3)

Regarding the discovery responses, Defendant Midland asserts that it will send supplemental responses to Plaintiff, so the discovery dispute is moot.[2] (Doc. 216 at 3) The Bursey Defendants argue that their responses were sent to Plaintiff in accordance with the Federal Rules of Civil Procedure, and their refusal to disclose privileged information was a proper basis for an objection pursuant to Arizona Revised Statute § 12-2238. (Doc. 216 at 4)

Having considered the parties' arguments, the Court finds that Defendants should be permitted to depose Plaintiff in Phoenix. *See Marana Aerospace Sol. Inc. v. W. Glob. Airlines LLC*, No. CV-16-00142-TUC-RM, 2016 WL 9343166, at *2-3 (D. Ariz. June 24, 2016) ("A party must attend a deposition at the place stated in the notice of deposition, unless the party obtains a protective order under Rule 26(c) designating a different place."). At this juncture, Defendants will not be required to bear the costs of Plaintiff's travel. *Cf. Wash. State Dep't of Transp. v. Wash. Nat. Gas Co., Pacificorp*, 59 F.3d 793, 806 (9th Cir. 1995) (explaining that Rule 54(d) and 28 U.S.C. § 1920 "allow[] the award of certain costs, including deposition costs, to the prevailing party").

Furthermore, the Bursey Defendants have not shown that their discovery responses were delivered pursuant to Rule 33. Plaintiff alleges that only the attorney for the Bursey Defendants signed the discovery responses. (Doc. 216 at 2) Federal Rule of Civil Procedure 33 requires that the person who provides the answer to an interrogatory question must sign

---

[2] In Plaintiff's Declaration in support of her argument, she confirmed that Defendant Midland filed updated supplemental responses for her discovery requests. (Doc. 216-1 at 3)

the answer and the attorney who objects to an interrogatory question must sign the objection. *See* Fed. R. Civ. P. 33(b)(5). It is unclear whether the Bursey Defendants objected to some or all of Plaintiff's interrogatory questions. Pursuant to Rule 33, Plaintiff is entitled to know the identity of any person who provided answers in response to her interrogatory questions.

Accordingly,

**IT IS ORDERED** that the Joint Motion for Discovery Dispute Resolution (Doc. 216) is **granted**.

**IT IS FURTHER ORDERED** that the disputes are resolved as follows:

1. Defendants shall have until **November 1, 2019** to depose Plaintiff. The deposition shall take place in Phoenix, Arizona.

2. The Bursey Defendants shall have until **October 25, 2019** to redraft and serve upon Plaintiff discovery responses in compliance with Federal Rule of Civil Procedure 33. Specifically, the interrogatory responses should be provided in a single document with properly identified verification signatures.

Dated this 16th day of October, 2019.

Honorable Steven P. Logan
United States District Judge